**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| HEATHER HOLVECK and STEVEN MURPHY, JR, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Ca. No. CPU4-20-001503 |
| CHRISTIANA MEADOWS APARTMENTS, | ) ) ) ) | |
| Defendant. | ) | |

Submitted: July 31, 2020
Decided: September 10, 2020

Heather Holveck and Steven Murphy, Jr.
601 Balsam Ter
Wilmington, DE 19804
*Pro se Plaintiffs*

Jillian M. Pratt, Esq.
3704 Kennett Pike, Ste 200
Greenville, DE 19807
*Attorney for Defendant*

## ORDER ON DEFENDANT'S MOTION TO DISMISS

1.      This matter is an action based upon a residential lease between the parties. On April 25, 2020, Heather Holveck and Steven Murphy, Jr. (hereinafter "Plaintiffs") filed a pro se Complaint against Christiana Meadows Apartments (hereinafter "Defendant"), in which they allege that Defendant wrongfully withheld their security deposit.

2.      On June 8, 2020, Defendant filed the instant Motion to Dismiss for failure to state a claim for which relief can be granted. In its Motion, Defendant states that it sent Plaintiffs a letter itemizing the expenses that it deducted from Plaintiffs security deposit, along with two checks that represented the balance of the security deposit. Defendant argues that Plaintiffs did not submit a written objection to the deducted expenses within ten days as required by statute.

Moreover, according to Defendant, once Plaintiff cashed the checks for the difference between the security deposit and costs to repair damage to the rental unit, such action constituted an agreement on the itemized deductions. Defendant concludes that Plaintiffs have failed to meet their statutory obligations and thus, have failed to state a viable claim against Defendant.

3. On July 9, 2020, Plaintiffs filed a Response to Defendant's Motion. Plaintiffs assert that the Defendant is not entitled to retain any portion of the security deposit for damages due to ordinary wear and tear. Plaintiffs argue that they contested the deduction from the security deposits within ten days in an email exchange between the parties. Plaintiffs argue that the parties regularly communicated via email and that such an established course of dealing constituted proper notice to Defendants of Plaintiff's objections.

4. On July 31, 2020, the Court held a hearing on Defendant's Motion to Dismiss. At the hearing, Defendant argued that Plaintiffs' email disputing the amount withheld from the security deposit did not constitute written notice, as that term is used under Delaware's Landlord-Tenant Code. The Defendant asserted that while the Landlord-Tenant Code does not specify what constitutes a writing, the practice in the Justice of the Peace Court[1] contemplates an actual writing sent via mail. Defendant argues that 25 *Del. C.* § 5113 requires service of notices to be made by personal delivery or writing via mail, and that 25 *Del. C.* § 5514(h) requires that notices be sent to an address specified in the rental agreement. Defendant further argues that Plaintiffs' course of dealings argument is impermissible under the Landlord-Tenant Code. In rebuttal, Plaintiffs reiterated the arguments contained in their Response.

---

[1] The Justice of the Peace Court has jurisdiction over landlord/tenant summary possession proceedings, per 10 *Del. C.* § 9301 and, thus, is the initial tribunal over the majority of such disputes.

5. In considering a motion to dismiss filed pursuant to *Court of Common Pleas Civil Rule 12(b)(6)*, the Court must assume that all well-pled facts in the complaint are true.[2] The complaint should not be dismissed unless "the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible to proof."[3] Every reasonable factual inference will be drawn in the non-moving party's favor.[4] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[5]

6. When presenting or opposing a motion to dismiss, the parties are permitted by Rule 12(b) to submit information and documents outside of the initial pleadings.[6] To the extent the Court considers such supplemental information and documents, a motion to dismiss shall be treated as a motion for summary judgment.[7] Such treatment "allows the trial court full discretion to accept and consider extraneous submissions when adjudicating a motion to dismiss under Rule 12(b)(6), thereby requiring conversion of the motion, or to reject the extraneous submissions in order to preserve the motion to dismiss under Rule 12(b)(6)."[8]

7. In their Response, Plaintiffs included an email exchange between the parties which was not included in the initial pleadings. The Plaintiffs proffer these emails to demonstrate their communications to Defendant expressing their disagreement with the amounts withheld from their security deposit. Such communications go to the core of Plaintiffs' case and must be considered by the Court in deciding the Defendant's Motion. The Court considers this email exchange to be

---

[2] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[3] *Id.*
[4] *Wilmington Sav. Fund Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing Doe v. Cahill, 884 A.2d 451, 458 (Del. 2005)).
[5] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[6] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 443 (Del.Super.2012).
[7] *Id* at 444.
[8] *Id.*

an extraneous document that was not included in the initial pleadings, and, as such, Defendant's Motion to Dismiss shall be treated as a motion for summary judgment. In order to prevail upon a Motion for Summary Judgment, there must be no genuine issue of material fact.[9] The moving party bears the burden of showing that no such issues exist.[10]

8.      In the instant matter, the Defendant asserts that the matter is based upon a residential lease and, at the hearing, argued that the code requires communications and notices to be directed to the address specified in the rental agreement. Nevertheless, Defendant did not cite to any relevant provisions in the rental agreement to support its argument, nor did it provide a copy of said agreement in its Motion to Dismiss. As the terms and conditions of the lease entered into by the parties in this case may provide direction as to what form of written notice is acceptable, this Court finds that a review of the lease is necessary in determining this issue.

9.      Lastly, there remains the issue of the course of dealings argument raised by Plaintiffs based upon the emailed communication between the parties. At the hearing, Defendant did not dispute Plaintiffs' argument that a course of dealings of communication via email was established but rather asserted that course of dealings is not applicable to the Landlord-Tenant Code. The Court disagrees and finds sufficient basis to explore this issue, such that a period of discovery is warranted.

---

[9] *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009)
[10] *Ridgeway v. Acme Markets, Inc.*, 194 A.3d 372 (Del. 2018)

4

10.    The parties' arguments before this Court have demonstrated that the factual record requires further development, as genuine issues of material fact remain.    Therefore, the Defendant's Motion is **DENIED without prejudice**, so that the parties may supplement and further develop the factual record.

**IT IS SO ORDERED** this 10th day of September, 2020.

_____
Monica A. Horton
Judge

cc:    Ms. Patricia Thomas, Civil Clerk